UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JEREMY SCHUH,

               Petitioner,

v.                                                CASE NO. 08-11393
                                                HONORABLE GERALD E. ROSEN

WILLIE O. SMITH,

               Respondent.
_____/

## ORDER APPOINTING COUNSEL AND GRANTING ORAL ARGUMENTS

This matter is pending before the Court on petitioner Jeremy Schuh's *pro se* amended habeas corpus petition under 28 U.S.C. § 2254. The amended petition challenges a state court decision revoking Petitioner's probation status. Petitioner alleges that he is innocent of the charged conduct, that his trial and appellate attorneys were ineffective, and that the trial court engaged in *ex parte* communications, improperly revoked probation on the basis of an oral order, and was biased. Petitioner also alleges that his probation officer gave perjured testimony at the revocation hearing, that the evidence was insufficient to establish a probation violation, and that the prosecutor withheld exculpatory evidence from the defense.

The Court believes that oral arguments would be helpful in resolving these claims. Consequently, the Court will appoint counsel for Petitioner and hold oral arguments in the near future. A procedural history of the case follows as background for the hearing.

### I. Background

#### A. The Guilty Plea, Sentence, and Probation Violation Hearing

On May 1, 2003, Petitioner pleaded guilty in Washtenaw County Circuit Court to receiving and concealing a stolen firearm. *See* Mich. Comp. Laws § 750.535b(2). In an

unrelated case, he pleaded guilty to breaking and entering a vehicle to steal property worth $200 to $1,000.  *See* Mich. Comp. Laws § 750.356a(2)(b)(i).  The trial court sentenced Petitioner to two years on probation for the crimes.

Petitioner violated the conditions of probation a few times, and on July 22, 2004, the trial court ordered Petitioner to become tethered to a residence other than his parents' home by August 5, 2004.  Petitioner was not tethered by August 5, 2004, and on November 18, 2004, the trial court held a probation violation hearing.  Petitioner's probation officer, Rodney Pollard, testified at the hearing that Petitioner informed him on July 27 that he would be living with a family in Canton, but that Petitioner had not been tethered by August 5, 2004.

Defense witnesses at the hearing claimed that Petitioner moved in with a family friend named Deborah Polak at the end of July 2004, and that Petitioner attempted to inform probation officer Pollard of his new address beginning on August 2 or 3, 2004.  Petitioner testified that Mr. Pollard did not answer his calls and that he had left messages for him regarding his address, telephone number, and job.  Petitioner also testified that he finally spoke with Mr. Pollard over the telephone on August 5 and informed Pollard that he was staying with Ms. Polak in Canton.  Petitioner claimed that, after he finished talking with Mr. Pollard and hung up the telephone, Pollard called back and asked to speak with Ms. Polak.

Ms. Polak testified that Petitioner called his probation officer from her home at least fourteen times on August 3 and that sometime at the beginning of August, she personally talked with the officer and informed him that Petitioner could be tethered at her home.  When the prosecutor pointed out on cross-examination of Ms. Polak that all of the calls listed on her telephone bill for August 3 were only a minute in duration, Ms. Polak testified that her

2

conversation with the probation officer might be reflected on the following bill.

Mr. Pollard testified on rebuttal that Petitioner did not provide him with his address in his telephone messages and did not speak directly with him on August 5. Mr. Pollard claimed that all he needed was Petitioner's address and that he received none of the necessary information from Petitioner on the fifth of August and did not recall talking to Ms. Polak that day.

At the conclusion of the testimony, the trial court revoked Petitioner's probation. The court stated that the case amounted to a credibility issue and that the court found Mr. Pollard to be credible because he did not have a reason to lie. The trial court concluded from Ms. Polak's lack of specificity on dates that she may have talked with Mr. Pollard after the time at issue.

On December 16, 2004, the trial court sentenced Petitioner to imprisonment for twenty-three months to ten years for receiving and concealing a stolen firearm. The court sentenced Petitioner to time served in the other case.

### B. The Direct Appeal

On appeal, Petitioner argued through counsel that the prosecutor did not establish by a preponderance of the evidence that he violated the terms of probation. The Michigan Court of Appeals denied leave to appeal "for lack of merit in the grounds presented." *People v. Schuh*, No. 268913 (Mich. Ct. App. Apr. 19, 2006). On September 26, 2006, the Michigan Supreme Court denied leave to appeal because it was not persuaded to review the issue. *See People v. Schuh*, 477 Mich. 869; 721 N.W.2d 202 (2006).

### C. The Habeas Petition, State Collateral Review, and Amended Petition

Petitioner filed his habeas corpus petition in this Court on April 2, 2008. Shortly thereafter, he moved to stay his case while he pursued additional state court remedies. On

August 8, 2008, the Court granted Petitioner's motion for a stay and closed this case for administrative purposes.

On October 15, 2008, probation officer Pollard signed an affidavit in which he stated that Petitioner called him on August 5, 2004, "to inform me of a place to be tethered." Pollard went on to say that he had informed Petitioner to appear in court for the hearing.

Petitioner subsequently filed a motion for relief from judgment, raising several new claims, including a claim that Mr. Pollard perjured himself at the probation violation hearing and that Petitioner was innocent of the charged conduct. The prosecutor argued in an answer to the motion that the trial court had been fair and impartial, that the trial court's alleged *ex parte* communications were not improper and did not prejudice the defense, that Petitioner's due process claims lacked merit, and that there was no exculpatory evidence which the prosecution could have provided to Petitioner. The prosecutor maintained that Mr. Pollard's affidavit was consistent with his testimony at the revocation hearing and that the affidavit did not support Petitioner's claim of innocence.

On January 15, 2009, the trial court held oral arguments on Petitioner's motion, but only the prosecutor appeared in court for the hearing. The trial court did not appoint counsel for Schuh and apparently did not arrange for Schuh to attend the hearing. The trial court stated that it was denying Petitioner's motion for the reasons given by the prosecution in its brief. On the following day, the trial court issued a written order, which merely stated that it was denying relief for the reasons stated on the record at the hearing on January 15, 2009. The Michigan Court of Appeals and Michigan Supreme Court denied leave to appeal the trial court's decision for failure to establish entitlement to relief under Michigan Court Rule 6.508(D). *See People v.*

*Schuh*, No. 294868 (Mich. Ct. App. Dec. 16, 2009); *People v. Schuh*, 488 Mich. 852; 787 N.W.2d 481 (2010).

Petitioner then filed an amended habeas corpus petition in this Court. As previously explained, the amended petition alleges that Petitioner is innocent of the charged conduct, his trial and appellate attorneys were ineffective, the trial court was biased and acted inappropriately, his probation officer gave perjured testimony, the evidence was insufficient to establish a probation violation, and the prosecutor withheld exculpatory evidence. Respondent argues in an answer to the amended petition that Petitioner's claims lack merit or are not cognizable on habeas corpus review.

## II. Conclusion and Order

The Court believes that oral arguments would assist the Court in its adjudication of the issues enumerated above. Accordingly, oral arguments will be held at a date and time to be determined in a future order. To assist Petitioner, and in the interest of justice, *see* 18 U.S.C. § 3006A(a)(2)(B), counsel will be appointed for Petitioner.

No testimony will be taken at the hearing; instead, the case will be decided on the settled record. *See Cullen v. Pinholster,* __ U.S. __, __, 131 S. Ct. 1388, 1398 (2011) (holding that "review under § 2254(d)(1) is limited to the record that was before the state court that adjudicated the claim on the merits"). The attorneys will be expected to address the following issues during the hearing: (1) whether probation officer Rodney Pollard's 2008 affidavit was fully exculpatory; and (2) whether a constitutional violation occurred in this case, and if so, which provision of the Constitution was violated.

    IT IS SO ORDERED.


                                          s/Gerald E. Rosen
                                          Chief Judge, United States District Court

Dated: January 6, 2012

I hereby certify that a copy of the foregoing document was served upon counsel of record on January 6, 2012, by electronic mail and upon Jeremy Schuh, #456902, Ionia Maximum Correctional Facility, 1576 W. Bluewater Highway, Ionia, MI 48846 by ordinary mail and upon the Federal Defender Office by electronic mail.

                                          s/Ruth A. Gunther
                                          Case Manager